NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0975n.06

No. 11-3691

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 04, 2012*
DEBORAH S. HUNT, Clerk

PHN MOTORS, LLC, dba Bill Doraty Kia; )
DORALIS HOLDINGS, LLC; SCHERBA )
INDUSTRIES, INC., dba Inflatable Images, )
                                  )
      Plaintiffs-Appellants, )
                                  )
v.                                   )
                                  )
MEDINA TOWNSHIP,            )
                                  )   ON APPEAL FROM THE UNITED
      Defendant-Appellee,        )   STATES DISTRICT COURT FOR THE
                                  )   NORTHERN DISTRICT OF OHIO
ELAINE RIDGLEY,             )
                                  )
      Defendant-Appellee,        )
                                  )
and                                 )
                                  )
THERESE GEORGE, MEDINA TOWNSHIP )
BOARD OF ZONING COMMISSIONERS, )
                                  )
      Defendants.              )

BEFORE: COOK and STRANCH, Circuit Judges, and STAMP, District Judge.[*]

**FREDERICK P. STAMP, JR., Senior District Judge.** Plaintiffs-appellants PHN Motors,

LLC, d/b/a Bill Doraty Kia, Doralis Holdings, LLC, and Scherba Industries, Inc., d/b/a Inflatable

Images (individually, "BDK," "Doralis," and "Scherba" and collectively "appellants") appeal a final

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern
District of West Virginia, sitting by designation.

order of the United States District Court for the Northern District of Ohio, Eastern Division ("district court"), granting judgment in favor of the defendants-appellees. The judgment came after the district court granted defendants-appellees' (collectively, "Medina") post-trial motion to dismiss the appellants' mandamus claim, state claim that a relevant local zoning regulation did not apply to them, and First Amendment claim, along with a claim for damages, except with regard to defendant Scherba. The judgment was also entered after the district court entered an opinion adopting the recommendations of an advisory jury that the appellants' due process and equal protection claims be dismissed.

## I. BACKGROUND

This action was removed to the United States District Court for the Northern District of Ohio on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The complaint alleged that Medina Township, Medina Township Board of Zoning Commissioners, Commission Chairperson Alliss Strogin, Township Trustees Michael D. Todd, Sarah Gardner, and Ray Jarrett, Fiscal Officer Therese George, and Zoning Inspector Elaine Ridgley violated the appellants' First Amendment right to free expression, and their rights under the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment. The complaint arose from the defendants' interpretation and enforcement of Medina Township Zoning Resolution (MTZR) § 603E, Medina Township's sign regulations, against the appellants to prohibit them from

displaying inflatable devices at appellant BDK's car dealership located in a commercial district of Medina Township.

BDK contends that it had displayed approximately twenty-seven temporary inflatables owned by and rented from appellant Scherba throughout the year between October 2008 and the date of the trial before the district court,[1] and been cited multiple times by the township Zoning Inspector for violation of MTZR § 603E as a result of these displays. In their complaint, the appellants claimed that MTZR § 603E as written is unconstitutionally vague and, as applied to them, infringes upon their free speech rights under the First Amendment of the United States Constitution. They further alleged that the regulation was enforced "unevenly" and unequally because it was only "sometimes" enforced against the plaintiffs, and because it was enforced unequally in residential and commercial districts. After removal, certain defendants moved to dismiss, and the Honorable Donald C. Nugent, United States District Judge, granted the motions, dismissing defendants Michael D. Todd, Sarah Gardner, Ray Jarrett, and Allison Strogin from the case. Defendants Therese George and the Medina Township Board of Zoning Commissioners were later dismissed pursuant to a stipulation between the parties.

---

[1] The plaintiffs contend that these inflatables "were and are holiday decorations and seasonal displays" such as "Santa Claus, Easter bunnies, Halloween witches, and the like." (Appellant Opening Br. *6.) The defendants maintain, and the district court found, that the inflatables are for advertisement purposes. (Joint Appellee Br. *6.)

3

The district court held a four-day trial before an advisory jury in May 2011. At the close of the trial, Medina made an oral motion to dismiss appellants' claims. The district court granted this motion as to the appellants' claims for damages against all defendants except for defendant Scherba, as to appellants' state law claim that MTZR § 603E does not apply to them, and as to appellants' mandamus claim and First Amendment claim. The remaining claims for violations of the appellants' due process and equal protection rights were submitted to the advisory jury, which found in favor of Medina. In an opinion entered after the trial, the district court adopted the findings of the advisory jury in favor of Medina. With regard to the due process claim alleging that MTZR § 603E is unconstitutionally vague as written, the district court concluded that: (1) MTZR § 603E is not unconstitutionally vague, (2) the legislative intent behind MTZR § 603E is not ambiguous, but is clear from the language of the regulation, (3) the appellants had fair notice from the language of MTZR § 603E that the section prohibited the display of inflatables, (4) the language of MTZR § 603E is sufficiently clear to allow a person of normal intelligence to understand that inflatable devices such as those displayed at BDK are prohibited; and (5) it is clear that the legislature intended to use MTZR § 603E to prohibit the display of the type of inflatables displayed at BDK.

With regard to the equal protection claim that the regulation was unequally enforced in commercial and residential districts, the district court found that: (1) the BDK property is not similarly situated with residential properties in all relevant respects, (2) Medina had a rational basis for enforcing MTZR § 603E in commercial districts but not in residential districts, and (3) Medina's enforcement of MTZR § 603E against the appellants was not motivated by animus or ill-will against

4

any of the appellants. Accordingly, the court found that the appellants' equal protection rights were not violated. In accordance with these findings and those made orally in response to Medina's post-trial motion to dismiss, the district court entered judgment in favor of the Medina on all claims and dismissed this action.

The appellants then timely appealed the judgment to this Court. On appeal, the appellants challenge the district court's dismissal of their First Amendment claims, its finding that MTZR § 603E is not unconstitutionally vague so as to violate the appellant's due process rights, and the district court's conclusion that the Medina's enforcement of MTZR § 603E in commercial districts but not in residential districts does not violate the appellants' equal protection rights under the Fourteenth Amendment of the Constitution. We review the district court's findings of fact for clear error, and its conclusions of law *de novo*. For the reasons that follow, this Court will affirm the district court on all charges of error.

## II. ANALYSIS

A.      <u>MTZR § 603E does not violate the Appellants' First Amendment right to freedom of speech</u>

The appellants first argue on appeal that the district court erred in dismissing their First Amendment claims. They maintain that MTZR § 603E constitutes a content-based regulation on both commercial and non-commercial speech, and that as a result, under either the intermediate or the strict scrutiny test, violates the protections afforded to the freedom of speech within the First

Amendment. Medina, on the other hand, maintains that the speech which MTZR § 603E regulates with regard to the appellants is commercial in nature only, and that the regulation is content-neutral. Thus, the regulation is subject only to intermediate scrutiny. Further, Medina asserts that Medina Township's asserted substantial interests–aesthetics and safety–easily pass the requirements of intermediate scrutiny.

This Court first finds that MTZR § 603E represents a content-neutral restriction upon speech. MTZR § 603E restricts the elements that may be added to signs in the township, and disallows "elements which revolve, rotate, whirl, spin or otherwise make use of motion to attract attention." It further bans signs which "contain or consist of flags, banners, posters, pennants, ribbons, streamers, spinners, balloons, and/or any inflatable devices, search light or other similar moving devices." (Defs' Appx. *25.) Medina's stated purpose behind these regulations and restrictions, as articulated in the Medina Township Development Policy Plan, is:

> a.	To improve the commercial areas of Route 18 and 42 there was the need to clean up these  areas' generally sloppy appearance and the need for stricter sign controls. (*See* Defs'-Appellees' Joint Br. *14 and Defs'-Appellees' Appx.*76.)

> b.	The need to carefully control the size, height, quality and number of business identification signs in Medina Township to ensure the safety of auto travelers and to maintain the aesthetic quality of the community. This policy recognizes the need for businesses to advertise their goods and services. However, without standards that are enforced uniformly, visual quality along the highway deteriorates, and visual traffic hazards develop. (Defs'-Appellees' Appx. *100.)

The United States Supreme Court has repeatedly held that the difference between content-based regulations, which regulate or restrict speech with the purpose of controlling the content of expression, and content-neutral, time, place or manner regulations, is the government's purpose behind the regulation. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) ("The government's purpose is the controlling consideration."). Further, "a regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Id*.

The appellants do not support their conclusion that MTZR § 603E is a content-based regulation, nor can they do so. The regulation does not, on its face, regulate speech based upon its content, and Medina justifies the restrictions "without reference to the content of the regulated speech." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984). Additionally, while it is true that commercial entities, which are more likely to utilize signage with the restricted elements for the purposes of attracting patrons, may be impacted more significantly by these regulations than other types of establishments in the township, this is an incidental rather than intended effect and, as explained above, does not affect the content-neutrality of the regulation.

Further, even if this Court agreed with appellants that the relevant regulation represented a content-based regulation, the proper scrutiny applicable to MTZR § 603E would be unchanged

because the speech at issue in this case is clearly of a commercial nature.[2] Commercial speech is

defined by the United States Supreme Court as "expression related solely to the economic interests

of the speaker and its audience." *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.* 447

U.S. 557, 561 (1980). While the appellants raise an argument that the inflatables are used as holiday

decorations, and thus are noncommercial speech, this Court is unconvinced by this argument.

Though it is true that a number (but notably, not all)[3] of the inflatables displayed at BDK do depict

elements associated with popular holidays, it is clear from the BDK advertisements provided to this

Court that the inflatables are used as a brand-recognition tool and are intended to attract business.

(*See* Defs'/Appellees' Appx. *141-152, video exhibits.) Any holiday decoration purpose that these

inflatables may serve is clearly only intended to further advance these economic interests.

Accordingly, the speech at issue in this case is commercial in nature.

Commercial speech by its very nature involves commercial transactions, and thus is provided

lesser protection by the Constitution than is non-commercial speech. *Cent. Hudson*, 447 U.S. at 562-

63. Whether regulations on commercial speech are content-based or content-neutral, intermediate

scrutiny is applied. *Pagan v. Fruchey*, 492 F.3d 766, 770, 778 (6th Cir. 2007); *City of Tipp City v.

Dakin*, 929 N.E.2d 484, 495 (Ohio Ct. App 2010). In short, intermediate scrutiny requires that a

---

[2]As noted above, the district court found that the inflatables were used by BDK for advertising purposes. Accordingly, this conclusion is reviewed for clear error.

[3]One inflatable depicted a hot air balloon reading "Cash For Clunkers Headquarters," and others depicted animals such as a dinosaur, a cartoon dog, a cartoon hamster, and a cartoon monkey, none of which are known to this Court to be connected with any holiday.

restriction on speech be narrowly tailored to further a <u>substantial</u> government interest. *See Ward*, 491 U.S. at 798-99. In order to apply this level of scrutiny to regulations on commercial speech, the United States Supreme Court developed a four-part test:

(1)     The commercial speech must concern lawful activities and must not be misleading;

(2)     The government must establish a substantial interest in support of the regulation;

(3)     The regulation must directly and materially advance the substantial government interest; and

(4)     The regulation must be narrowly tailored to achieve the government's desired result.

*See Cent. Hudson*, 447 U.S. at 566. The parties agree that the first element of the *Central Hudson* test is met in this instance. Further, the parties agree that public safety and concerns of visual aesthetics qualify as substantial government interests. *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507-08 (1981). (*See* Appellants' Opening Br. *12, Defs'/Appellees' Joint Br. *19.) The appellants appear to argue, however, that Medina has failed to adequately "establish a substantial interest in support of the regulation." (*See* Appellants' Opening Br. *13-14 ("[T]he burden of identifying a substantial interest in justifying the challenge restrictions was never addressed by the Township."))

This Court disagrees with this assertion. Medina has clearly identified two substantial interests, which have long been determined to clearly qualify as such in the context of the Central Hudson test. First, Medina points to aesthetics. This is supported by the prior-drafted Medina Township Development Policy Plan, quoted above, which lists the need to clean up the appearance of the commercial areas of Medina Township through sign controls. Further, as noted by Medina, aesthetic concerns have been deemed substantial interests *as a matter of law*, when used to justify regulations restricting signage. *Metromedia*, 453 U.S. at 507-08.

Secondly, Medina points to traffic safety as another substantial interest, again strengthened by the prior-drafted Development Policy Plan and also found by the United States Supreme Court to qualify as a substantial government interest. *Id*. at 507-08. The appellants contend that this interest is weakened by trial testimony that the Chief of Police "could not find a safety concern" in connection with the inflatables placed at BDK. (Appellants' Opening Br. *13.) However, the opinion of the police chief with regard to the specific inflatables placed at BDK does not weaken the legitimacy of the regulation as a whole, or of the substantial safety interest advanced to support it. Accordingly, this Court agrees with the district court that prong two has been satisfied.

Next, the appellants contend that the third and fourth prongs have not been satisfied with regard to MTZR § 603E. The main crux of their argument as to these final two prongs is that Medina Township enforces the ban on inflatables in commercial districts, but allegedly does not enforce the ban in residential districts. However, this is again an argument that the ban is content-

based, an argument which this Court has already rejected above, and does not address the required showings of the third and fourth prongs of the *Central Hudson* test. These prongs require that the regulation be "narrowly tailored" to the substantial interests advanced, and that it actually "directly" and "materially" advance those interests. *Pagan*, 492 F.3d at 771. These prongs do not require that a restriction be the "least restrictive means" by which the government may advance its stated objectives, but only that it must be "reasonable" and "not more extensive than necessary." *Bd. of Trs. of the State Univ. of N.Y. v. Fox*, 492 U.S. 469, 479-80 (1989); *Pagan*, 492 F.3d at 771. This Court finds that the relevant ban on inflatables meets these requirements. Large, eye-catching inflatable devices clearly run the risk of distracting drivers' attention from the road and from other traffic as they pass such inflatables, and banning the devices in order to prevent such distractions directly advances the interest of traffic safety and is a reasonable way to do so. Further, banning the use of inflatable devices clearly directly advances the interests of limiting visual clutter and "cleaning up" the commercial districts, and is a reasonable means by which to accomplish this goal.

Finally, the ban on inflatables in not more extensive than necessary to advance these interests. The inflatables displayed at BDK apparently serve a dual purpose of advertising and attracting the attention of customers, and of decorating for various holidays. The inflatable ban by no means precludes BDK from utilizing other means to accomplish these purposes, and the record before this Court indicates that it does, in fact, utilize multiple forms of permissible signage and other means for this. Accordingly, MTZR § 603E does not violate the appellants' First Amendment rights to

freedom of speech, and this Court affirms the district court in dismissing the appellants' claims asserting as much.

B.      MTZR § 603E is not void for vagueness

The next issue raised on appeal is the district court's refusal to find MTZR § 603E unconstitutionally vague in violation of the appellants' due process rights. In determining whether a statute or regulation violates a citizen's due process rights, a court must evaluate whether a regulation gives fair notice or warning of the conduct regulated or prohibited. The standard used in this determination is whether a person of ordinary intelligence would be able to determine what conduct is regulated or prohibited by the statute or regulation. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1105 (6th Cir. 1995). This Court notes that its inquiry begins with the premise that local zoning regulations are presumed valid. *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood, Ohio*, 699 F.2d 303, 308 (6th Cir. 1983).

Appellants argue that this regulation is unconstitutionally vague in its ban of inflatables because "Section 603(e) implies the element of movement with an inflatable but does not distinguish those inflatables that are not designed to move defined as static from designed to move inflatables such as a wavy man seen many times at gas stations." (Appellant's Opening Br. *18.) Also, the appellants maintain, § 603A, which lists prohibited signs, does not prohibit inflatables. The appellants further advance the argument that the regulation is invalid because its enforcement is left solely to the Zoning Inspector, who is unsupervised and enforces at her discretion, often based upon

complaints or the recommendations of trustees. The appellants finally assert that the fact that the regulation is not enforced in residential areas serves as evidence of the ambiguous nature of the ban on inflatables.

The district court concluded, applying this standard, that MTZR § 603E is not vague, confusing, ambiguous, or inconsistent; that the legislative intent behind the regulation was clear and not susceptible to multiple reasonable meanings; that a person of ordinary intelligence would know that inflatables of the type displayed at BDK are prohibited by the regulation; that the legislative intent to prohibit inflatables is clear; and that the enforcement of MTZR did not violate the appellants' rights of due process. (Memorandum Op. of Dist. Ct. *5-6.) After *de novo* review, this Court affirms.

MTZR § 603E reads as follows:

> Movement - No sign shall employ any parts or elements which revolve, rotate, whirl, spin or otherwise make use of motion to attract attention. No sign or part thereof shall contain or consist of flags, banners, posters, pennants, ribbons, streamers, spinners, balloons, and/or any inflatable devices, search light or other similar moving devices. Such devices, as well as strings of lights, shall not be used for the purpose of advertising or attracting attention when not part of a sign. (Defs'/Appellees' Appx. *25).

Initially, this Court finds that the plain language of § 603E is not ambiguous and that a person of ordinary intelligence would understand that it bans all types of inflatables used for advertising purposes or to attract attention. Despite the fact that §603A does not list inflatable devices as

prohibited "signs" under the meaning of the regulation, § 603E unambiguously bans all types of inflatables, specifically stating in the final sentence that these devises are banned when used to advertise or attract attention, whether part of a sign or not. Further, even though § 603E is entitled "movement" and there are multiple references to a ban generally on devices that employ movement in order to attract attention, a full reading of the section makes clear that not all devices banned by the section so employ motion. "[F]lags, banners, posters, pennants, ribbons, streamers . . . [and] balloons," are not necessarily designed to directly employ motion to attract attention, thus a reasonable person would be able to conclude that all types of the devices listed, including all types of inflatables, are banned by the regulation when used to attract attention or for advertising. Also, all inflatables move to some extent, as inflatables of the type displayed by BDK are soft and often move in even the slightest breeze. Thus, a person of ordinary intelligence could simply not reasonably conclude that only certain types of inflatables were banned by § 603E.

This is further strengthened by the clear legislative intent behind the regulation, as articulated throughout the Medina Township Development Policy Plan. The regulations are intended to "clean up" the commercial district by limiting visual clutter and distraction to passersby. This Court's literal interpretation of the regulation, as described above, results in the greatest furtherance of these goals. Thus, the regulation is not ambiguous on its face.

The appellants also contend that inflatable devices can be interpreted as signs under the regulations. While the appellant's further contend that because "temporary signs" are allowed under

14

§ 605K, the inflatables, which are each only displayed for a short time, could be permitted as such. However, the MTZR is clear on this interpretation as well. Article VIII of the regulations clearly states that: "Where this Resolution imposes a greater restriction upon the use of buildings and premises . . . than are imposed or required by other . . . regulations . . . the provisions of this Resolution shall control." Accordingly, while it may be argued that, if inflatables can be signs, they can be allowed as temporary signs, the more specific total ban of inflatables controls pursuant to Article VIII.

Also, MTZR § 603E is not void for vagueness in its application. While the zoning inspector is solely charged with enforcement of the regulations, and she admitted at trial that her enforcement of the ban on inflatables "could be better," the regulation is clear in its prohibition of inflatables, and both the township and the zoning inspector have consistently taken the position that all inflatables used for advertising are banned by § 603E. Nor has evidence been presented that anyone in the township, appellants included, has ever been given any indication that the regulation does not ban inflatables used as advertisements. Further, as a result of the fact that there is only a single enforcement agent, it naturally follows that not every violation will be met with an enforcement action; this is true with most all violations of township and other regulations. This fact does not make the regulations themselves unconstitutionally vague. The appellants also contend that the MTZR does not provide for adequate oversight in the zoning inspector's enforcement. However, this Court finds this argument to be without merit. MTZR, Appx. I provides that enforcement by

15

the zoning inspector is overseen by the Board of Zoning Appeals and that citizens may utilize this oversight through an appeals process.

As the appellants assert, "a vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972). However, MTZR § 603E does not delegate policy matters in such a way, and while the appellants feel that it is not uniformly enforced, any lack of uniformity is not a result of ambiguity in the text of the regulation and does not make the regulation void for vagueness. The resolution clearly prohibits the display of all types of inflatables and does not leave any room for interpretation or subjective application. Accordingly, the district court is affirmed in its dismissal of the appellants' due process claim.

C.     <u>MTZR § 603E and the enforcement thereof does not violate the appellant's equal protection rights under the Fourteenth Amendment</u>

The third and final issue before this Court on appeal is the district court's dismissal of the appellants' equal protection claim. In this claim of error, the appellants contend that Medina's enforcement of MTZR § 603E in commercial districts and simultaneous refusal to enforce the regulation in residential districts is without legitimate governmental interest, and thus violates the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This provision thus requires that all similarly situated individuals be treated similarly. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). In evaluating an equal protection claim, as with the due process claim evaluated above, this Court again begins with the premise that the regulation challenged is presumed valid. Id. at 440. When the party asserting unequal treatment does not assert unequal treatment as part of a protected or suspect class, the Court evaluates the claim as a "class of one," and utilizes a rational basis review. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). This standard affords a strong presumption of validity and simply requires that the challenged regulation be rationally related to a legitimate state interest. *City of Cleburne, Tex.*, 473 U.S. at 440. Further, in accordance with this permissive standard, the burden of proving invalidity of the challenged regulation is placed upon the challenging party; here, the appellants. In order to satisfy this burden, the appellants must first adequately show that the individuals receiving preferential treatment under the regulation are "similarly situated," then they must show that the unequal treatment is not rationally related to a legitimate government interest. This Court agrees with the district court in concluding that the appellants have failed to satisfy this burden.

First, the appellants have not presented sufficient evidence to convince this Court that the property in residential districts is similarly situated with the commercial property upon which BDK sits. As Medina points out, property zoned for commercial use and that zoned for residential use is materially different in a number of ways. Important to the instant inquiry, residential districts, by

17

definition, usually draw significantly less traffic than do commercial districts because consumers do not congregate in these districts seeking the various goods and services available in commercial districts. These districts are often primarily used by those who live in them and are not often a destination for large numbers of people from outside the residential area. Also, commercial districts, and specifically that in which BDK is located, are often considered, as Medina asserts, the gateway to the township, or visitors' first impression of the town. For these reasons, the township has a greater interest in more strictly regulating the aesthetics and safety of these areas. Finally, the Supreme Court has noted that, "individual residents themselves have strong incentives to keep their own property values up and to prevent 'visual clutter' in their own yards," more so than do commercial property owners. *City of Ladue v. Gilleo*, 512 U.S. 43, 58 (1994).

Even if the appellants could show that residential districts are similarly situated with the property upon which BDK sits, they have failed to show that the differential treatment lacks a rational connection to a legitimate government interest. The zoning inspector testified at trial in this case that she did not enforce the regulation barring the display of inflatables against those in residential districts because those inflatables are not banned by § 603E because they were not used "for advertising" or "to attract attention to any object, product, place, activity, person, institution, organization, or business," as is required by § 603A in order for an inflatable to constitute a "sign," and that inflatables in residential districts are only intended to draw attention to the inflatable itself. The district court in this case reached the factual conclusion that this was true, and this Court finds no clear error in this conclusion. The zoning inspector also testified that if an inflatable was

discovered in a residential district as being used for the purpose of advertising or drawing attention

of passersby to a good or service rather than to the inflatable itself, the owner of that inflatable would

be cited as being in violation of MTZR § 603E. Finally, the appellants have not provided evidence

that Medina acted with ill-will or animus toward them in enforcing the regulations. Accordingly,

the district court is similarly affirmed in its dismissal of the appellants' equal protection claim.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in its entirety.