*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0026p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

600 MARSHALL ENTERTAINMENT CONCEPTS, LLC, dba The Spot,

        *Plaintiff-Appellant*,

     *v.*

THE CITY OF MEMPHIS,

        *Defendant-Appellee*,

MEMPHIS MEDICAL CENTER, a Division of the Memphis Bio-Works Foundations,

        *Intervenor-Appellee*.

No. 11-6362

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:05-cv-2865—Bernice Bouie Donald, District Judge.

Argued: December 4, 2012

Decided and Filed: February 1, 2013

Before: McKEAGUE and GRIFFIN, Circuit Judges; DLOTT, Chief District Judge.[*]

_____

## COUNSEL

**ARGUED:** Bradley J. Shafer, SHAFER & ASSOCIATES, P.C., Lansing, Michigan, for Appellant. J. Michael Fletcher, Memphis, Tennessee, for Appellees. **ON BRIEF:** Bradley J. Shafer, Matthew J. Hoffer, SHAFER & ASSOCIATES, P.C., Lansing, Michigan, Edward M. Bearman, THE LAW OFFICE OF EDWARD M. BEARMAN, Memphis, Tennessee, for Appellant. J. Michael Fletcher, Memphis, Tennessee, Saul C. Belz, Michael D. Tauer, GLANKLERBROWN, PLLC, Memphis, Tennessee, for Appellees.

_____

[*]The Honorable Susan J. Dlott, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

———————————

OPINION

———————————

McKEAGUE, Circuit Judge.    600 Marshall Entertainment Concepts, LLC ("600 Marshall") is a nightclub in Memphis, Tennessee.  It is located in a zoning district where adult entertainment has been prohibited since 1993.  Although already allowed to present most forms of adult entertainment under a grandfather clause in the zoning ordinances, 600 Marshall desires to present adult entertainment in the form of compensated dancers ("nude dancing" for short).[1]  600 Marshall also claims that a city ordinance requiring a permit to present compensated dancers (the "Dance Hall Ordinance") is unconstitutional, both as an improper prior restraint and as vague. Finally, 600 Marshall claims that a city official's actions violated its procedural due process rights.   600 Marshall seeks nominal damages for these violations under 42 U.S.C. § 1983.  Upon  remand from another panel of this Court, the district court ruled adversely to 600 Marshall on these issues.  We affirm.

## I.  BACKGROUND

This is 600 Marshall's second appeal to this Court in this case.  In *600 Marshall Entertainment Concepts, LLC v. City of Memphis* (*600 Marshall*), 375 F. App'x 513 (6th Cir. 2010),  600 Marshall appealed from an adverse judgment in a bench trial, and another panel of this Court remanded for further factual findings and legal conclusions. After several of the remand issues were resolved adversely to 600 Marshall, it brought this second appeal.

---

[1]When we use the term "nude dancing," we are referring to compensated dancers engaged in "specified sexual activities" or displaying "specified anatomical areas" as those terms are defined in Memphis, Tenn., Code § 16-8-2.

**Underlying Facts[2]**

600 Marshall is a nightclub in Memphis, Tennessee. It is located within a zoning district known as the Central Business District ("CBD"). The CBD was created by city ordinance in 1981. Adult entertainment was permitted in the CBD from 1981 to 1993. "Adult entertainment" is defined in the zoning title of the Memphis Code of Ordinances to encompass things such as adult book stores, adult movie theaters, and live performances involving nudity or sexual acts. *See* Memphis, Tenn., Code § 16-8-2. In 1993, Memphis and Shelby County issued Joint Ordinance No. 4209 (the "1993 Ordinance"), which eliminated adult entertainment as one of the permitted uses within the CBD.

While the zoning ordinances define and prohibit adult entertainment, the presentation of compensated dancers—whether or not they are engaged in nude dancing—is regulated by the Dance Hall Ordinance. *See* Memphis, Tenn., Code § 6-20. A substantially similar version of this Ordinance was enacted in 1971. *See* Editor's Note to Memphis, Tenn., Code § 31-21 (1967). The current version requires any establishment wishing to present compensated dancers to first obtain a dance permit and pay a $500 fee.[3] Memphis, Tenn., Code §§ 6-20-1, 6-20-4, 6-20-11. To obtain a dance permit, applicants must complete an "Application for Public Dance Hall Permit." The application asks whether the establishment will "feature adult entertainment" and, if so, to describe the type of entertainment that will be provided. In 2005 when the controversy in this case began, no dance permit had been issued for the businesses at the 600 Marshall location since at least 1991.

---

[2]This recitation of the underlying facts is drawn in large part from our opinion in the first appeal, where they are set forth in more detail.

[3]The Dance Hall Ordinance also requires a permit to hold a "public dance" that does not include compensated dancers. Memphis, Tenn., Code § 6-20-4. The fee to host this type of dance is only $100. *Id.* § 6-20-11. Although the term does not appear in either the Ordinance or the application form, the prior opinions in this case have distinguished between the two different permits by referring to a permit that authorizes compensated dancers as a "Compensated Dance Permit." But because the permit for uncompensated dance is irrelevant to this appeal, we can safely ignore its existence. When we use the term "dance permit," we are referring specifically to the $500 permit that authorizes compensated dancers.

Various entities have operated at the 600 Marshall location as a bar, club, or other similar facility since at least the 1970's. From the 1970's until the early 2000's, operators at the location occasionally presented or allowed various types of adult entertainment. The district court found evidence that at least through the late 1990's, that adult entertainment included nude dancing. *See 600 Marshall Entm't Concepts, LLC v. City of Memphis* (*600 Marshall*), 812 F. Supp. 2d 870, 877 (W.D. Tenn. 2011).

On August 15, 2005, Charles G. Westlund entered into an agreement to purchase 600 Marshall. Westlund purchased the property intending to operate an adult nightclub featuring nude dancing. That same day, 600 Marshall applied for a dance permit through the City's Permits and Licensing Department. On its application, 600 Marshall indicated that it would feature adult entertainment. On September 16, 2005, it was issued a dance permit. The dance permit said "NO NUDITY" in large letters.

Ten days later, Lilli Jackson, an official with the Permits and Licensing Department, informed 600 Marshall that her office was reviewing whether the dance permit was issued in error. On October 4, 2005, Jackson sent 600 Marshall a letter revoking the dance permit, stating that upon further review, the City had determined that 600 Marshall was within the Central Business Improvement District[4] and therefore ineligible for a dance permit. Evidently Jackson believed that a dance permit would authorize 600 Marshall to present adult entertainment, an activity prohibited in the CBD. Because the letter did not contain a provision staying the revocation, the permit became null and void when the letter was issued. Without a dance permit, 600 Marshall could not present compensated dancers in any form.

600 Marshall sought review of the decision to revoke its dance permit through the procedure specified in the Dance Hall Ordinance. *See* Memphis, Tenn., Code § 6-20-10. On November 2, 2005, a three-member panel designated by Larry Godwin, Director of Police Services, heard 600 Marshall's appeal and ultimately found that the

---

[4]Memphis, Tenn., Code § 12-32 creates the Central Business Improvement District. The Central Business Improvement District is a tax overlay district that geographically coincides with the CBD zoning district.

dance permit was "wrongfully revoked and that the permit should be reissued immediately conditioned on prohibition of any adult entertainment or activity . . . unless and until the Petitioner receives the proper approvals from the Building Official." *See* Petitioner's App. 59-60. Dedrick Brittenum, a member of the panel, testified that the reason for the panel's decision was that in their view the issuance of a dance permit is unrelated to the presence of adult entertainment. On December 15, 2005, Godwin rejected the panel's findings and recommendations, writing: "I do not accept the recommendation of this Panel. This application is denied." *Id.* at 61. Godwin testified that he was unfamiliar with the dance permit scheme and assumed that the purpose of the panel was to determine why the dance permit was issued in error, not whether it should be re-issued. Godwin was not present at the administrative hearing and did not review the transcript or evidence from the hearing.

On November 17, 2005, subsequent to the panel hearing but prior to Godwin's ultimate decision regarding the panel's recommendation, 600 Marshall sought judicial review of the administrative denial of its dance permit pursuant to Tenn. Code Ann. § 27-9-111(e). On November 28, 2005, Memphis removed the action to the District Court for the Western District of Tennessee based on the civil rights and constitutional claims alleged in 600 Marshall's petition.

The district court denied 600 Marshall's request for a preliminary injunction and conducted a two-day bench trial, which resulted in a finding that 600 Marshall had not carried its burden of showing a lawful, sufficiently continuous, non-conforming adult entertainment use that would entitle it to "grandfathering." The district court declined to reach 600 Marshall's constitutional claims, concluding that it need not do so because it ruled against 600 Marshall on statutory grounds. Sometime between the preliminary injunction hearing and the bench trial, as a result of negotiations, 600 Marshall received a dance permit with a nudity restriction.

**The First Appeal**

600 Marshall appealed, and another panel of this Court remanded the case for additional factual findings and legal conclusions. *See 600 Marshall*, 375 F. App'x at 521. Specifically, the panel observed that the district court's basis for rejecting 600 Marshall's grandfathering argument was that the location had not obtained dance permits after 1991, and therefore any adult entertainment would have been conducted unlawfully. *Id.* at 519. But the panel noted that "[t]he universe of adult entertainment, as defined, is not identical to the universe of activity that requires a [dance permit]." *Id.* Therefore, adult entertainment that did not involve compensated dancing would have been lawful and entitled to grandfathering. *Id.* The panel further stated that "because 600 Marshall was denied a remedy on other grounds, the district court was required to address constitutional claims that, if successful, would entitle 600 Marshall to a remedy." *Id.* at 520.

Therefore, the Panel instructed the district court to consider five issues on remand:

> (1) It should determine whether there was lawful adult entertainment of a type that did not require a dance permit prior to 1993.
>
> (2) It should consider whether prior owners of 600 Marshall abandoned or discontinued adult entertainment use under Memphis, Tenn., Code § 16-116-2(F), and also whether any prior owner effected a change in use under § 16-116-2(E).
>
> (3) If the district court concluded that 600 Marshall was entitled to grandfathering based on prior adult entertainment activities that did not require a dance permit, it should consider whether allowing adult entertainment that does require a dance permit would violate Memphis, Tenn., Code § 16-116-2(C)(3), which prohibits the expansion of a nonconforming use "in such a manner as to conflict with, or to further conflict with . . . any use limitations established for the district in which such use is located."
>
> (4) If the district court concluded that 600 Marshall was not entitled to a dance permit allowing nude dancing, it should address any of 600 Marshall's constitutional claims that it had standing to bring and that, if successful, would entitle it to a remedy.
>
> (5) It should address 600 Marshall's claim for damages under 42 U.S.C. § 1983.

**The Remand**

The district court instructed the parties to file briefs presenting "additional argument in light of the [Sixth Circuit's] decision." R. 132, Order, PageID # 1275. Based on the briefs, the district court found in 600 Marshall's favor on issues (1) and (2). It found that there was evidence of adult movies and drag performances sufficient to support a finding that adult entertainment activities that did not require a dance permit were occurring before 1993. *See 600 Marshall*, 812 F. Supp. 2d at 877. It then found that prior owners of 600 Marshall had not abandoned or discontinued adult entertainment activities, or effected a change in use, under the relevant ordinances. *Id.* at 877-78.

The district court ruled against 600 Marshall on issues (3), (4), and (5). It concluded that "the nightly presentation" of nude dancing would expand the "prior nonconforming activities, which were infrequent and interspersed with regular, mainstream musical and social events . . . in direct contravention of Memphis, Tenn., Code § 16-116-2(C)." *Id.* at 880. In response to 600 Marshall's argument that this city code provision conflicted with Tennessee state law, the district court emphasized the point that in the absence of a dance permit, nude dancing was not being lawfully conducted before the 1993 Ordinance, and therefore Memphis could prohibit 600 Marshall from expanding its adult entertainment activities to include nude dancing. *Id.* at 880-81.

The district court then addressed issues (4) and (5) together. It noted that "[t]hroughout the course of this litigation, 600 Marshall has alleged in a very general way violations of its constitutional rights, but has failed in most instances to clearly and succinctly articulate the basis of its constitutional claims." *Id.* at 881. "At [the remand] stage, only one constitutional claim—a vagueness challenge—has been fully briefed and advanced by 600 Marshall." *Id.* But since 600 Marshall had made "repeated, albeit fleeting, references to 'a protected property interest' and 'arbitrary and capricious decision-making,'" the district court decided to discuss "a potential due process violation." *Id.*

On the issue of vagueness, the district court observed that 600 Marshall appeared to be challenging the Dance Hall Ordinance on this ground both facially and as applied. *Id.* at 881-82. It dismissed the as-applied challenge, stating that "a proper challenge on vagueness grounds is not a challenge to the way a law was applied in a particular instance; it is a challenge to the law itself." *Id.* at 882. It also rejected the facial challenge, noting that although the city officials demonstrated a disturbing lack of understanding of the Ordinance, "600 Marshall ha[d] not established that [their misunderstanding was] the result of any vagueness inherent in the Dance Hall Ordinance." *Id.* at 883.

On the issue of due process, the district court concluded that 600 Marshall had claimed both procedural and substantive due process violations. *Id.* at 883. It found that "Godwin's actions constitute[d] arbitrary and capricious decision-making." *Id.* However, it ultimately determined that 600 Marshall had not suffered a constitutional injury since it did not have "a *legitimate* claim of entitlement" in the dance permit it was initially issued. *Id.* at 884.

Addressing the issue of municipal liability, the district court observed that "600 Marshall ha[d] not articulated any explicit argument as to why the City should be liable for damages as a result of Godwin's conduct." *Id.* at 885. "As 600 Marshall ha[d] offered no evidence or argument whatsoever on the issue of municipal liability, there [was] simply no basis on which the [district court] could find the City liable for damages as a result of Godwin's conduct." *Id.*

## II. ANALYSIS

As things currently stand, 600 Marshall can present compensated dance on its premises, so long as the dance does not involve adult entertainment and it maintains an up-to-date dance permit. It can also present adult entertainment, so long as this entertainment does not involve nude dancing. In short, the only thing 600 Marshall cannot do is present nude dancing, which for 600 Marshall is no doubt a significant restriction.

600 Marshall asks us to make several findings and do several things:

(1) Either find that allowing nude dancing would not expand a nonconforming use, or find that under state law Memphis lacks the authority to prohibit the expansion of a nonconforming use;

(2) Find that the Dance Hall Ordinance is unconstitutional and is void *ab initio*;

(3) Find that Godwin's actions violated 600 Marshall's First Amendment and due process rights;

(4) Remand with instructions that the district court grant injunctive relief enjoining Memphis from enforcing the Dance Hall Ordinance and/or requiring Memphis to issue a dance permit without a nudity restriction; and

(5) Find Memphis liable under § 1983 and remand with instructions to determine the amount of damages.  (Although 600 Marshall waived any claim for lost profits, it states that it seeks to make a "limited claim for damages.")

## A.  Standard of Review

This appeal presents questions of law, which we review *de novo.  See Cutter v. Wilkinson*, 423 F.3d 579, 584 (6th Cir. 2005).

## B.  Grandfathering

The district court found that allowing 600 Marshall to present frequent nude dancing would expand the nonconforming use in contravention of Memphis, Tenn., Code § 16-116-2(C).  600 Marshall contends that the district court erred in making this determination, and further, that Memphis lacks the authority to restrict the expansion of a nonconforming use because this ordinance conflicts with Tenn. Code Ann. § 13-7-208(c).  Memphis counters by arguing that Memphis derives its zoning power from a Private Act of the Tennessee Legislature and therefore possesses the authority to restrict the expansion of a nonconforming use.

Although discussion of these issues consumes a substantial portion of the briefs, we need not resolve them.  This whole dispute has put the proverbial cart before the horse. The bottom line here is that nude dancing is not an activity that can be grandfathered because it was not being legally conducted when the 1993 Ordinance changed the zoning laws to prohibit adult entertainment in the CBD.

Both Tenn. Code Ann. § 13-7-208(b)(1) and  Memphis, Tenn., Code § 16-116-2(A) contain grandfather clauses.  "A grandfather clause is defined as 'an exception to a restriction that allows all those already doing something to continue doing it, even if they would be stopped by the new restriction.'"  *Coe v. City of Sevierville*, 21 S.W.3d 237, 243 (Tenn Ct. App. 2000) (quoting *Black's Law Dictionary* 629 (5th ed. 1979)). To qualify for grandfathering, a plaintiff must prove "(1) that there has been a change in zoning . . . , and (2) that the use to which [he] put [his] land was permitted prior to the zoning change."  *Id.*  Notably, "[t]he grandfather statute can save only a use which was legal at the time the change in zoning occurred."  *Id.* at 244.

We find the Tennessee Court of Appeals' decision in *Coe v. City of Sevierville* instructive in our resolution of the grandfathering issue.  The plaintiff in that case built a sign on her land in 1970.  *Id.* at 238.  In 1972, Tennessee enacted a law that required a permit to use or maintain such signs, but the plaintiff never obtained one.  *Id.* at 239. In 1978, plaintiff's land was annexed by the City of Sevierville, which had a zoning ordinance that prohibited  signs like the plaintiff's.  *Id.*  In 1995, the plaintiff's daughter decided to replace the aging sign and obtained a permit from the state.  *Id.*  But the plaintiff was informed that the City of Sevierville would not grant a renovation permit. *Id.*  The plaintiff filed suit, arguing that "her sign [was] a pre-existing non-conforming use entitled to grandfathering under T.C.A. § 13-7-208."  *Id.* at 242.

The Tennessee Court of Appeals disagreed.  Because the plaintiff's sign was illegal under state law, it was not entitled to grandfathering.  *Id.* at 244.  The court explained that "[w]hen a legal use becomes illegal by virtue of a zoning change, a grandfather statute may protect the use.  In this case, however, illegal activity under state law became illegal under municipal ordinance by virtue of a zoning change."  *Id.* Therefore, "[t]he grandfather statute [could not] be applied to treat Plaintiff's sign as legal and permitted under state law in 1978.  To hold otherwise would stand the grandfather statute on its head."  *Id.*  Furthermore, "[t]he fact that Plaintiff applied for and was granted a State permit in 1995 [did] not solve Plaintiff's problem."  *Id.*  Because

the sign was not legal when the zoning change occurred, it was not entitled to grandfathering. *Id.*

We find that the same result should obtain in this case. It is undisputed that the owner of the premises at 600 Marshall did not have a dance permit in 1993 when adult entertainment became a prohibited use in the CBD. To the extent nude dancing was occurring at the 600 Marshall location, that activity was illegal under the Dance Hall Ordinance. *See* Memphis, Tenn., Code § 6-20-4. Now 600 Marshall seeks to grandfather in nude dancing as a preexisting nonconforming use. But nude dancing was an illegal activity in 1993, and illegal activities are not entitled to grandfathering. As in *Coe*, the fact that 600 Marshall has since obtained a dance permit is irrelevant. Since nude dancing was illegal in 1993, it is not entitled to grandfathering. And since nude dancing is not entitled to grandfathering in the first place, it is unnecessary for us to determine whether frequent nude dancing would constitute an impermissible expansion of a nonconforming use under Memphis, Tenn., Code § 16-116-2(C).[5]

## C. Constitutional Claims

As it has done throughout the various stages of this litigation, 600 Marshall alleges multiple constitutional violations. 600 Marshall claims that the Dance Hall Ordinance is unconstitutional as an improper prior restraint on expressive activities because it does not contain the procedural safeguards required by *Freedman v. State of Maryland*, 380 U.S. 51 (1965). 600 Marshall further claims that the Ordinance is unconstitutionally vague, both facially and as applied. Additionally, 600 Marshall urges the Panel to find that Godwin's actions violated its procedural due process rights.

---

[5]We note that in some jurisdictions, failure to comply with nonzoning regulations does not preclude a nonconforming use from being grandfathered. *See* 4 Edward H. Ziegler, Jr., et al., *Rathkopf's The Law of Zoning and Planning* § 72:14 (4th ed. 2012). However, we find no indication that Tennessee follows this approach. To the contrary, the Billboard Regulation and Control Act that rendered the plaintiff's sign illegal in *Coe* is found in Title 54, Chapter 21 of the Tennessee Code and is not part of Title 13, Chapter 7, which contains the zoning laws.

*1. Standing*

Memphis contends that 600 Marshall lacks standing to bring its constitutional claims. The Supreme Court has explained the requirement of standing as follows:

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) (quotations and punctuation omitted). Standing goes to this Court's jurisdiction to hear a constitutional claim, and this Court "[i]s under an independent obligation to examine [its] own jurisdiction." *Id.* at 742.

The aspect of this case that makes standing somewhat complicated is that 600 Marshall has not challenged the constitutionality of the zoning ordinances, which are what actually prohibit it from presenting adult entertainment, and by extension, nude dancing, in the CBD. Instead 600 Marshall challenges the constitutionality of the Dance Hall Ordinance. 600 Marshall has clearly suffered an injury in fact because it has been prohibited from presenting nude dancing at its facility. But since it is the zoning laws and not the Dance Hall Ordinance that prohibit adult entertainment in the CBD, at first glance it appears that there is no causal connection between the Dance Hall Ordinance and 600 Marshall's injury.

Nonetheless, 600 Marshall points out that if the Dance Hall Ordinance is found facially unconstitutional and void *ab initio*, the nude dancing at its facility before 1993 could not be considered unlawful. In that case, it would qualify for grandfathering, and 600 Marshall would be entitled to present nude dancing. Additionally, 600 Marshall might be entitled to damages under its § 1983 claim. For these reasons, we conclude that 600 Marshall has standing to bring its prior restraint and vagueness challenges to the

Dance Hall Ordinance, although as seen below we reach the merits of only the vagueness challenge.

### 2.  Prior Restraint

600 Marshall claims that the Dance Hall Ordinance constitutes an improper prior restraint on expressive activities because it does not contain adequate procedural safeguards under *Freedman v. State of Maryland*, 380 U.S. 51 (1965).  But 600 Marshall did not raise this challenge before the district court, and "the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal." *Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008) (quotation omitted).  "Our function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005) (quotation omitted).  "It is well settled law that this court will not consider an error or issue which could have been raised below but was not."  *Id.* (quotation and alteration omitted).

The only place where 600 Marshall raised a prior restraint challenge to the Dance Hall Ordinance before the district court was in its Post-Trial Memorandum.[6]  But even were we to conclude that a party could properly present a constitutional challenge in a post-trial memorandum, we would not do so here.  At the close of the bench trial, the district court instructed the parties that although they could file a list of citations with "a quick summary," they were not permitted to file post-trial briefs.  R. 124, Trial Tr. PageID # 1246; R. 118, Order, PageID # 856.  Despite this instruction, 600 Marshall filed a 7-page "Post Trial Memorandum."  R. 112, Memorandum, PageID # 832. Memphis moved to strike this document.  Although the district court noted that the post-trial memorandum appeared to "go[] beyond mere case citations," the court declined to strike it, noting instead that in its discretion it would "consider any relevant case

---

[6]At oral argument, 600 Marshall's attorney told us he had cited *Freedman* and related cases in his closing argument.  But he did so while arguing that Godwin and Jackson's *actions* violated his client's constitutional rights.  R. 124, Trial Tr. PageID # 1204-09.  He was not challenging the constitutionality of the Dance Hall Ordinance as an invalid prior restraint.

authority cited." R. 118, Order, PageID # 856. So the district court considered only the citations in the post-trial memorandum; it did not consider the arguments raised therein.

Furthermore, 600 Marshall did not raise the prior restraint challenge in its brief on remand. 600 Marshall points out that on remand the district court requested "additional argument" on the remand issues. 600 Marshall claims it saw no reason to restate an argument it had already made in a previous filing. But nowhere in its brief on remand did 600 Marshall refer to or incorporate any arguments it had made previously or direct the district court's attention to previous filings. There was no reason for the district court to look back through previous filings when deciding the issues on remand.

Additionally, after the district court clearly stated in its opinion that 600 Marshall had raised only two constitutional issues on remand (a vagueness challenge and a due process violation), *600 Marshall*, 812 F. Supp. 2d at 881, 600 Marshall made no attempt to notify the court that it had ignored 600 Marshall's prior restraint challenge. *See Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005) (en banc) (When the district court did not address the plaintiff's argument, the plaintiff raised the argument in a motion to alter or amend the judgment.). Therefore, because 600 Marshall failed to raise its prior restraint challenge before the district court, thereby depriving the district court of the opportunity to consider the issue in the first instance, we hold that 600 Marshall has forfeited its right to raise this issue on appeal.

### 3. Vagueness

Due process requires that laws not be vague. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Id.* One of the dangers of vague laws is that they allow for "arbitrary and discriminatory enforcement." *Id.* Additionally, if a vague statute impacts First Amendment rights, it can deter people from exercising those rights, since "[u]ncertain meanings inevitably lead citizens to steer far wider of the unlawful zone than if the boundaries of the forbidden areas were clearly marked." *Id.* (quotation and alteration omitted). 600 Marshall contends that the Dance Hall Ordinance is vague both facially and as applied.

Regardless of whether we view 600 Marshall's challenge as facial or as-applied, it fails.[7] 600 Marshall has not challenged any language in the Ordinance as vague. Instead, 600 Marshall essentially argues that since Jackson and Godwin did not understand the Ordinance and bungled its implementation, it must be vague. But the officials' misunderstanding was more likely due to a failure to actually read the Ordinance than to any vagueness inherent in the Ordinance itself. Their confusion did not stem from misinterpreting the language of the Ordinance.

The Ordinance is relatively simple. Before holding a "public dance," which, with a few exceptions, means "any dance to which the public generally gains admission," a person must obtain a permit and pay a fee (the fee varies depending on whether the dance will involve compensated dancers). Memphis, Tenn., Code §§ 6-20-1, 6-20-4, 6-20-11. To obtain a permit, a person must complete and file an application. *Id.* § 6-20-5. The application form must contain several specific items, as well as "[a]ny other information reasonably deemed necessary by the director of police services to determine whether the applicant qualifies for the issuance of the permit." *Id.* Before issuing a permit, the director of police services must ensure that several city and county departments complete inspections of the premises where the dance is to be held to determine whether the premises comply with applicable laws and regulations. *Id.* § 6-20-7. If the director of police services declines to issue a permit, he must provide reasons for doing so, and the applicant can appeal, first administratively through a hearing before the director of police services and then to the courts. *Id.* § 6-20-9. Furthermore, although 600 Marshall complains that the Ordinance does not tell officials how to deal with adult entertainment or nonconforming uses, the Ordinance has nothing to do with those things. Nonconforming uses and the legality of adult entertainment in a certain location are topics addressed in the zoning laws. The fact that the Ordinance

---

[7]The district court construed 600 Marshall's vagueness challenge as a facial challenge, stating that "a proper challenge on vagueness grounds is not a challenge to the way a law was applied in a particular instance; it is a challenge to the law itself." *600 Marshall*, 812 F. Supp. 2d at 882. But not only do we frequently consider an as-applied vagueness challenge, sometimes we will only engage in an as-applied analysis. *See Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999) ("[V]agueness claims not involving First Amendment freedoms [or criminal sanctions] must be examined in light of the facts of the particular case at hand and not as to the statute's facial validity.").

does not contain provisions addressing adult entertainment or nonconforming uses may mean that the Ordinance is not all-encompassing, but it does not mean that it is vague.

600 Marshall has not pointed to any term or provision in the Ordinance that it believes is vague.  Therefore, although we find it disturbing that city officials demonstrated such confusion regarding the straightforward Ordinance they were responsible for implementing, 600 Marshall has not shown that the Ordinance itself is unconstitutionally vague.

### 4.  Procedural Due Process

600 Marshall urges us to hold that its procedural due process rights were violated when its dance permit was revoked and when Godwin refused to reissue it.  When evaluating a procedural due process claim, we examine first "whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment," and second "whether the deprivation of that interest contravened notions of due process." *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002).  Notably, "[p]roperty interests protected by the due process clause must be more than abstract desires for or attractions to a benefit. . . .  The due process clause protects only those interests to which one has a 'legitimate claim of entitlement.'" *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002) (quoting *Board of Regents v. Roth*, 508 U.S. 564, 577 (1972)).  "Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with the deprivation, or lack thereof, violated his rights to due process." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005).

600 Marshall has not established that it was deprived of a protected property or liberty interest when its dance permit was revoked and not reissued.  The district court found that it did not have a legitimate property interest in the dance permit originally issued because that permit allowed 600 Marshall to present adult entertainment and thus was issued erroneously.  *See 600 Marshall*, 812 F. Supp. 2d at 884.  600 Marshall has not challenged this finding on appeal.  During oral argument, 600 Marshall contended

that its constitutional rights were violated because Director Godwin did not subsequently issue a dance permit that would allow it to present non-nude dancing such as bikini dancing. But 600 Marshall can point to nothing in the record that would indicate it ever sought—prior to the negotiations that occurred between the preliminary injunction hearing and the bench trial—a dance permit to present non-nude dancing. If after its dance permit was revoked 600 Marshall had re-applied for a dance permit to present non-nude dancing, and that application had been arbitrarily denied, it might be able to establish a constitutional violation. But 600 Marshall did not do this. Instead, the record indicates that 600 Marshall sought and was denied a permit to present nude dancing—an activity prohibited inside the CBD.

**D. Municipal Liability Under § 1983**

As explained above, we conclude that 600 Marshall has not established a violation of its constitutional rights. Therefore, we need not consider whether Memphis could be held liable under § 1983.

### III. CONCLUSION

Because nude dancing does not qualify for grandfathering, and because 600 Marshall has not established a violation of its constitutional rights, we **AFFIRM**.