**Patricia SHEPARD, Petitioner–Appellant,**

v.

**UNIBORING; Joseph Collins, Defendants–Appellees.**

No. 02–2261.

United States Court of Appeals, Sixth Circuit.

July 31, 2003.

334

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

## ORDER

Patricia Shepard, proceeding pro se, appeals a district court judgment dismissing her employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964 and Michigan's Elliott–Larsen Civil Rights Act ("ELCRA"), and an order striking her motion for reconsideration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Initially proceeding through counsel, Shepard sued her former employer, Uniboring Company, and her former supervisor, Joseph Collins, for monetary damages. Shepard asserted that: 1) Collins sexually harassed her and created a hostile work environment in violation of the ELCRA; and 2) Uniboring retaliated against her in violation of Title VII by discharging her after she had complained to Human Resources about Collins's behavior. Following discovery, the district court granted summary judgment in favor of the defen-

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

dants on August 6, 2002. Shepard then filed a motion to reconsider. The district court entered an order on September 18, 2002, striking the document for failure to conform with court rules, but thereafter vacated the order and denied Shepard's motion to reconsider on October 30, 2002.

On appeal, Shepard reasserts her claims and also contends that counsel did not provide adequate representation. The defendants have filed a brief, requesting costs and fees and arguing that Shepard's notice of appeal only challenges the denial of the motion for reconsideration.

■ As an initial matter, we conclude that Shepard's notice of appeal does not bring up for review the district court's order denying her motion for reconsideration. In her notice of appeal, filed October 17, 2002, Shepard checked the box indicating that she was appealing the district court's judgment and she also listed "Summary Judgement—Aug 6[;] Order to Strike Doc. entered in this action of Sept 18, 2002." [Sic.] Because the notice of appeal was filed approximately two weeks before the district court denied Shepard's motion to reconsider, Shepard was obligated to either file a second notice of appeal or an amended notice of appeal if she wished to appeal the district court's denial of her motion for reconsideration. *See* Fed. R.App. P. 4(a)(4)(B)(ii). Shepard did neither. Thus, we decline to consider any arguments concerning the denial of the motion for reconsideration. Any argument concerning the order striking the motion for reconsideration is moot because the district court vacated that order.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995).

■ In her first claim, Shepard, a former bay leader for Uniboring, argued that Collins sexually harassed her and subjected her to a hostile work environment from November 2000 to January 2001, by repeatedly asking her if she was still dating a coworker, by telling her she needed a "real man with money," and through such work-related actions as pulling employees from her bay, paging her without cause, refusing to approve employee reviews she had prepared, belittling her in front of an employee she had counseled, and erroneously telling her on one occasion not to report to work because her bay was not operating.

Uniboring met its initial burden of showing an absence of evidence to support Shepard's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In defining sexual harassment, the ELCRA extends coverage to conduct and communications of a sexual nature that have "the purpose or effect of substantially interfering with an individual's employment ... or creating an intimidating, hostile, or offensive ... environment." Mich. Comp. Laws § 37.2103(i). Even if it is assumed that Collins's alleged comments and conduct were of a sexual nature, an objective examination of the totality of the circumstances does not show that Collins's behavior was intended to or in fact did substantially interfere with Shepard's work or created an intimidating, hostile, or offensive work environment. *See Chambers v. Trettco, Inc.,* 463 Mich. 297, 614 N.W.2d 910, 915–16 (Mich.2000); *Radtke v. Everett,* 442 Mich. 368, 501 N.W.2d 155, 164–65 (Mich.1993). At her deposition, Shepard expressed her opinion that her job performance had improved from July to November and thereafter remained the same. Although she was increasingly annoyed by Collins's behavior, she was able to ignore him, walk away from him, or respond with a retort. Thus,

Collins's merely offensive comments and behavior did not amount to discriminatory changes in the terms and conditions of employment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *see also Quinto v. Cross and Peters Co.*, 451 Mich. 358, 547 N.W.2d 314, 320 n. 9 (Mich. 1996); *Brewer v. Hill*, No. 208872, 2000 WL 33407016, at *6 (Mich.Ct.App. Sept.15, 2000) (unpublished).

■ In her second claim, Shepard asserted that Uniboring retaliated against her in violation of Title VII by discharging her on January 5, 2001, after she had complained to Human Resources about Collins's behavior on December 12, 2000.

Shepard established a prima facie case of retaliatory discharge. *See Morris v. Oldham County Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir.2000). By reporting Collins's alleged behavior to Human Resources, Shepard engaged in protected activity known to defendant Uniboring. Shepard experienced an adverse employment action when she was discharged, and the temporal proximity is sufficient to show causation. *See Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1118–19 (6th Cir.1996).

■ Uniboring, however, met its burden of articulating a legitimate, non-discriminatory reason for discharging Shepard—substandard work performance and the conclusion that additional training would not help her become an effective bay leader. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Shepard did not present significant probative evidence to rebut the defendant's reason for her termination and thus failed to show that the reason was a pretext for discrimination. *See id.* at 804, 93 S.Ct. 1817.

■ Shepard's third argument lacks merit. It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See, e.g., Friedman v. Arizona*, 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *Friedman*, 912 F.2d at 333.

■ Finally, we conclude that the defendants' request for costs and attorney's fees must be denied because the costs were not sought by a separately filed motion with a bill of costs. *See* Fed. R.App. P. 38 and advisory committee's note, and Fed. R.App. P. 39(d).

Accordingly, the defendants' request for costs and fees is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.