*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

ROBERT M. BARNER and NATHANIEL HAYES,
           *Plaintiffs-Appellants,*

                    *v.*

PILKINGTON NORTH AMERICA, INC. and FRANK
ZEMANSKI,

                    *Defendants-Appellees.*

No. 03-4259

─────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-07329—James G. Carr, District Judge.

Argued: December 3, 2004

Decided and Filed: January 13, 2005

Before: GILMAN and SUTTON, Circuit Judges; McKEAGUE, District Judge.[*]

─────────────

## COUNSEL

**ARGUED:** Thomas A. Sobecki, Toledo, Ohio, for Appellants. Robert C. Ludolph, PEPPER HAMILTON LLP, Detroit, Michigan, for Appellees. **ON BRIEF:** Thomas A. Sobecki, Toledo, Ohio, for Appellants. Robert C. Ludolph, Michelle Motowski Lund, PEPPER HAMILTON LLP, Detroit, Michigan, for Appellees.

─────────────

## OPINION

─────────────

        RONALD LEE GILMAN, Circuit Judge. In August of 1999, Robert Barner and Nathaniel Hayes, two African-American employees of Pilkington North America, Inc., began an apprenticeship program operated by their employer. They claim that they were denied training opportunities given to similarly situated white employees, and that their supervisor, Frank Zemanski, subjected them to verbal harassment and one instance of physical assault because of their race. In July of 2002, they brought a Title VII race discrimination action against Pilkington and state-law claims of race discrimination, retaliation, and intentional infliction of emotional distress against both Pilkington and Zemanski.

─────────────

[*]The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

As part of their proof at trial, Barner and Hayes sought to have a Pilkington employee repeat what two former African-American employees had said to the witness about Zemanski's allegedly discriminatory practices many years before. The district court excluded the proposed testimony as hearsay. In August of 2003, the jury found for Pilkington and Zemanski on all claims. Barner and Hayes argue on appeal that the district court erred by excluding the testimony regarding the alleged prior discrimination. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Barner and Hayes began working for Pilkington (then Libbey-Owens-Ford) in the early 1970s, and both were intermittently laid off and rehired. While Barner began his employment as a glass cutter and subsequently worked in several other positions, Hayes first worked as a general laborer and later became a group leader. In August of 1999, Barner and Hayes commenced an apprenticeship program at the mold shop in Pilkington's Rossford, Ohio plant. The program, which lasted two years and included both hands-on training and classes, was designed to teach apprentices to build glass-bending tools. Barner and Hayes, along with six new white employees who participated in the program, were laid off in early 2002.

Both plaintiffs contend that they faced racial discrimination throughout their time in the apprenticeship program, beginning with Zemanski scornfully asking if "this [is] what I have to work with." They allege that they were denied training opportunities on account of their race and were assigned to menial tasks while other employees were receiving substantive training. In particular, they claim that superior training opportunities were given to the six white apprentices who had just been hired by Pilkington. They also allege that Zemanski created a hostile work environment by singling out the two African-American employees for verbal and physical abuse, including "slap[ping] . . . Barner on his head" and "intentionally and maliciously misspel[ling] . . . Barner's name on numerous occasions." In a separate Ohio civil rights claim, Barner alleged that Pilkington and Zemanski retaliated against him by issuing him a written warning for "failure to follow [a] plant rule" after Barner complained about racial discrimination. Both plaintiffs also sought damages for the intentional or reckless infliction of emotional distress.

Wayne Mannies, a coworker, testified at trial that he had seen Zemanski physically abuse Barner and assign both plaintiffs to menial tasks while other employees received training. When Mannies was asked if he knew of other instances of racial discrimination by Zemanski, the court excused the jury and heard the following offer of proof:

Q:   Mr. Mannies, . . . what else did you see or hear by Mr. Zemanski as far as derogatory treatment of black employees at the company?

A:   When I was a ways committeeman[,] which was [an] elected official for the union that [sic] I negotiated the contracts and represented the people of the mold shop, at the OE-Fab, the skilled trades which is maintenance and that— if they had any problems, they would come and see me.

Well, there was—Bobby Caldwell and Larry Kynad. They are two individuals who were Afro-Americans. They weren't getting trained either, so they kept complaining to me that Frank was not training them and they wanted to be able to take the tooling job instead of going over to furnace and cutting glass and loading glass, so I know we had a meeting with Mr. Canell, which [sic] was the human resources person at that time, and was bringing this up, and I have even brought up in the contract, that we had to start breaking in these black people.

> In fact, Mr. Canell was there. What Frank Zemanski told him, if he didn't, he would have a lawsuit on his hands.
>
> Q:     And when did those occur?
>
> A:     This was probably in [19]93, [19]94.

The court rejected the plaintiffs' argument that the above testimony was offered simply to show that previous employees had accused Zemanski of racial discrimination, concluding instead that Mannies "would be testifying as to out-of-court statements about the defendant that are offered for the truth of the matter asserted." At no point did the attorney representing Barner and Hayes argue that the evidence should be admitted under Rule 801(d)(2)(D) of the Federal Rules of Evidence as statements made by the employees against the interests of Pilkington and within the scope of their employment, which is the plaintiffs' new position on appeal. The proposed testimony was excluded by the district court.

Based upon the jury verdict in favor of Pilkington and Zemanski on all claims, the district court dismissed the complaint. This timely appeal followed.

## II. ANALYSIS

### A.     Standard of review

We will reverse a district court's decision to admit or exclude evidence only if we find that the district court has abused its discretion. *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, . . . improperly applies the law, . . . or . . . employs an erroneous legal standard.'" *Id.*, quoting *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004).

### B.     Preservation of the claimed error for appeal

The only claim of error made by Barner and Hayes on appeal is that the exclusion of Mannies's testimony was erroneous in light of Rule 801(d)(2)(D) of the Federal Rules of Evidence, which provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Before even reaching the merits of the plaintiffs' argument, however, we must deal with Pilkington's objection that the plaintiffs failed to raise the potential applicability of Rule 801(d)(2)(D) in the court below.

Our function is "to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Klasko v. Hayes Wheels Intern., Inc.*, No. 96-2061, 1998 WL 180600, at *2 n.1 (6th Cir. Apr. 7, 1998). For that reason, "[i]t is well settled law that this court will not consider an error or issue which could have been raised below but was not." *Niecko v. Emro Marketing Co.*, 973 F.2d 1296, 1299 (6th Cir. 1992) (citing *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990)). *See also Paschal v. Flagstar Bank*, 295 F.3d 565, 581 (6th Cir. 2002) (holding that a litigant who failed to respond to a motion to exclude evidence waived the issue on appeal).

When a party responds to a motion to exclude evidence, the party must not only make an offer of proof to preserve the issue for appeal, but must also indicate why the evidence is admissible. *See* Fed. R. Evid. 103(a)(2) (providing that an appeal based on the exclusion of evidence cannot be preserved unless "the substance of the evidence was made known to the [lower] court by offer or was apparent from the context within which questions were asked"); *Angel v. United States*, 775 F.2d 132, 146 (6th Cir. 1985) (quoting *Huff v. White Motor Corp.*, 609 F.2d 286, 291 n.2 (7th Cir.

1979), for the proposition that "[t]o preserve error in a ruling on evidence[,] a party must notify the trial court of his position and the specific rule of evidence on which he relies") (quotation marks omitted).

Barner and Hayes assert that the *Angel* court's statement that a litigant must identify the particular rule of evidence is "arguably dicta," and claim that presenting an argument about the purpose of the evidence is sufficient. Even if we were to assume without deciding that they are correct, however, the argument must at a minimum alert the district court to the issue that it is called upon to decide. *Cf. Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1421 (5th Cir. 1986) (holding that a party must "carefully articulate every ground for which the evidence is admissible" because "[t]he trial judge must be put on notice of the purpose for which the evidence is offered while there is still time to remedy the situation"); *Tate v. Robbins & Myers, Inc.*, 790 F.2d 10, 12 (1st Cir. 1986) (upholding the exclusion of evidence where the appellant's argument for admissibility had not been presented to the court below). To permit parties to raise entirely new evidentiary issues on appeal would not only require appellate courts to adjudicate matters about which there is an insufficient record, but would also impose a tremendously wasteful regime on the lower courts. *See Reese*, 793 F.2d at 1421 ("Busy trial courts should not be required to repeat trials, especially civil trials, because the trial judge has excluded evidence for lack of a clear understanding of the proponent's purpose in offering the evidence.").

Barner and Hayes objected to the exclusion of the evidence on the basis that its purpose was "[t]o show that other complaints have been made . . . of race discrimination." They did not present the "admission-against-interest" argument upon which they now rely. If they had presented some version of their present argument, but had failed to specifically mention Rule 801(d)(2)(D), then we would have to face the question of whether the *Angel* court's statement that the particular rule must be identified was in fact only nonbinding dicta.

Because they did not, we have no need to decide whether litigants must mention the specific rule of evidence as stated in *Angel* or if simply alerting the district court to the underlying argument is sufficient. Barner and Hayes failed to comply with either standard. In addition, their underlying argument has no merit. Rule 801(d)(2)(D) is designed to bind the employer where one of its managerial employees makes a statement within the scope of the employee's duties as a manager. *See Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983) (noting that "it is necessary . . . to show, to support admissibility, that the content of the declarant's statement concerned a matter within the scope of his agency").

Here, in contrast, the two former African-American employees made their alleged statements about racial discrimination solely to advance their own interests. The scope of their employment did not include work assignments. *Cf. Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951 (7th Cir. 1998) (holding that the repetition of statements by women employees other than the plaintiff was inadmissible under Rule 801(d)(2)(D) because, "[a]lthough the women knew the outcomes of the managerial decisions at issue and the effects that those decisions had on them, the decisionmaking process itself—which is the relevant issue in proving a pattern or practice of discrimination—was outside the scope of the women's agency or employment"). Barner and Hayes thus lack a meritorious argument to preserve for appeal.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.