NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0718n.06

Case No. 08-6245

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 05, 2012*
LEONARD GREEN, Clerk

ROSALIND KURITA,                                     )
                                                     )
    Plaintiff-Appellant,                         )
                                                     )        ON APPEAL FROM THE
v.                                                   )        UNITED STATES DISTRICT
                                                     )        COURT FOR THE MIDDLE
THE STATE PRIMARY BOARD OF THE                       )        DISTRICT OF TENNESSEE
TENNESSEE DEMOCRATIC PARTY, *et al.*,                )
                                                     )
    Defendants-Appellees.                        )

BEFORE: BATCHELDER, Chief Circuit Judge; CLAY and GILMAN, Circuit Judges.

    **ALICE M. BATCHELDER, Chief Circuit Judge.** Rosalind Kurita sued the Tennessee Democratic Party in federal court under 42 U.S.C. § 1983, seeking to have her name placed on the general election ballot as the Democratic candidate for a Tennessee State Senate seat. The district court dismissed the suit upon finding the absence of either state action or a protected property interest. We affirm.

    Kurita, a Democrat, first ran for the Tennessee State Senate in 1996 and defeated the incumbent Republican Senator. Voters re-elected her in 2000 and again in 2004. Prior to the 2008 election, Tim Barnes challenged her in the August 7, 2008, Democratic primary. Kurita won the primary by 19 votes and election officials certified the victory. But Barnes contested the results and, at the election-contest hearing, the State Primary Board of the Tennessee Democratic Party declared the results "incurably uncertain" and voided the primary results. The Executive Committee of the Tennessee Democratic Party then selected Barnes as the Democratic candidate for the November

general election. Kurita pursued an unsuccessful write-in candidacy. Barnes won the election and is currently serving in that seat.

Meanwhile, Kurita also sued the State Primary Board of the Tennessee Democratic Party, among others, in federal court, seeking to have her name placed on the general election ballot. She asserted that the Tennessee statute allowing political party officials to rule on challenges to primary election results, Tenn. Code Ann. § 2-17-104, violates the Due Process Clause of the Fourteenth Amendment because the statute has no procedural rules and it does not allow for judicial review; that Democratic Party officials violated her rights because rules for the review of the primary results were not adopted until the morning of the hearing; and that party officials did not adequately explain their reasons for overturning the primary results. The district court dismissed her complaint, finding that Kurita could not "establish two prerequisites that are necessary in order to sustain the . . . due process claims . . . : (A) state action by the State Primary Board of the Tennessee Democratic Party and (B) her possession of a protected property right in the certified results of votes cast in the primary election." *Kurita v. State Primary Bd. of Tenn. Democratic Party*, No. 3:08-0948, 2008 WL 4601574, at *5, 2008 U.S. Dist. LEXIS 8871 (M.D. Tenn. Oct. 14, 2008).

After carefully reviewing the record, the settled law, the well-reasoned briefs, and the oral arguments on appeal, we conclude that the district court's order and opinion correctly sets out the applicable law under § 1983 and correctly applies that law to the facts in the record. Because we see no reason to either add to or elaborate on the district court's opinion, the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the

2

district court's opinion, we **AFFIRM** the judgment of the district court. We deny as moot the appellees' joint motion to dismiss the appeal for lack of jurisdiction.