NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0394n.06

No. 12-2368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GWENDOLYN MINGO, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DANIEL BAXTER, Director of Elections of | ) | COURT FOR THE  EASTERN |
| the City of Detroit, | ) | DISTRICT OF MICHIGAN |
| | ) | |
|     Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  COLE and COOK, Circuit Judges; KATZ, District Judge.[*]

PER CURIAM.  Gwendolyn Mingo, a Michigan citizen, appeals through counsel a district court order dismissing her civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim.

Mingo ran for election for the citizens district council in the district of her residence.  She voted early by absentee ballott.  She then filed a change of address form, indicating that she lived in a different district, and ran as a write-in candidate for the citizens district council of that district.  She voted in that election on the date of the election.  The defendant, the director of elections of the city of Detroit, disqualified Mingo as a candidate in the first district on the ground that she was no

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

longer a resident. She would otherwise have won a seat on the council based on the vote count.

Mingo did not win a seat in the second district.

Mingo filed a complaint against defendant, claiming that he deprived her of her right to be elected in the first district without due process. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as it did not set forth facts stating a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A well-pleaded complaint requires "enough facts to state a claim to relief that is plausible on its face.").

Mingo argues on appeal that the dismissal was improper because she was deprived of her right to vote, a fundamental right, citing *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 476 (6th Cir. 2008). This was not the claim set forth in her complaint; she raised only a claim of being deprived of the right to hold elective office. We do not address on appeal arguments that were not raised in the district court. *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005). The district court correctly concluded that Mingo had no due process claim because she had no property interest in being an elected official. *See Kurita v. State Primary Bd. of Tenn. Democratic Party*, 472 F. App'x 398, 398 (6th Cir. 2012); *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005). Accordingly, the district court's order dismissing this complaint is affirmed.