NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0562n.06

No. 20-3319

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 05, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARTHA CASTELLON-VOGEL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| INTERNATIONAL PAPER COMPANY, | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| Defendant-Appellee. | ) | OHIO |
| | ) | |
| | ) | |

Before: SILER, SUTTON, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Martha Castellon-Vogel (Vogel) worked as an engineer for International Paper Company (IPC). The company's ERISA welfare benefit plan (the Plan) provided that Vogel could receive a severance package at the end of her employment if, among other conditions, she "sign[ed] a termination agreement acceptable to the Company." After her job was eliminated, Vogel signed such a "Termination Agreement," which included a broad General Release. That provision released IPC of liability for all employment-related claims arising during her tenure. She then received fifty-four weeks' pay, in accordance with the Plan's terms. Despite cashing the check, Vogel sued IPC. She argues on appeal that the Plan's terms were illusory and that the General Release in the Termination Agreement is unenforceable for lack of consideration. Because these claims are forfeited, we AFFIRM the judgment of the district court.

I.

Vogel worked for IPC for over twenty-seven years, most recently as a Senior Staff Engineer. As a benefit of employment, IPC had a Salaried Employee Severance Plan—a welfare benefit plan governed by ERISA. The Plan provided a termination allowance for "eligible employees," and stated that its coverage began "on the day [Vogel] first [met] the eligibility requirements." It also specified that a full-time salaried employee whose job was eliminated would be "eligible for a termination allowance," provided that she "continue[d] working until the management-determined job completion date and [she] sign[ed] a termination agreement acceptable to the Company." The termination allowance was "equal to two weeks of salary for each year" of service with the company.

On June 30, 2017, Vogel's job was eliminated. The company thus provided her with a Termination Agreement to sign before receiving her allowance. The Agreement included a broad General Release provision, barring Vogel from bringing any "claims under federal, state or local law [against IPC], whether based on statute or common law, that relate to employment," including claims under the Equal Pay Act and ERISA. Under the Plan, Vogel had twenty-one days to sign the Termination Agreement and return it to IPC.

Before signing, Vogel consulted with a lawyer. Acting through her attorney, Vogel informed IPC of her view that, under ERISA, the company could not condition her eligibility for severance on agreeing to the General Release. Yet, the following week, she signed the Agreement anyway. After signing, she had seven days to revoke her acceptance of the termination allowance. She did not do so. Instead, she received a check for fifty-four weeks' severance pay and deposited it.

Two weeks later, Vogel sued IPC in federal district court seeking "a declaration that the General Release of Claims in the [Termination] Agreement is null and void." *Castellon-Vogel v. Int'l Paper Co.*, No. 1:17-cv-00645, 2018 WL 3462505, at *3 (S.D. Ohio July 18, 2018) (internal quotation mark omitted). The district court dismissed for lack of Article III standing, reasoning that, at that stage, any "claimed injury [was] only conjectural" because she had not brought any claims against IPC that would be covered by the release. *Id.* at *7. The district court further explained that Vogel lacked what it called "statutory standing"—that is, "she ha[d] not stated a cause of action under ERISA"—because she was no longer "a 'participant' in the [IPC] Plan." *Id.* at *5–*6 (quoting 29 U.S.C. § 1132(a)(1)).[1] Vogel did not appeal.

Vogel instead brought this second suit. She once again sought a declaratory judgment that the General Release is unenforceable under ERISA. But this time, she also sought damages for discrimination and retaliation under both the Equal Pay Act and Ohio law. IPC once again moved to dismiss, and the district court granted IPC's motion as to all claims. *Castellon-Vogel v. Int'l Paper Co.*, No. 1:18-cv-00688, 2020 WL 996444, at *7 (S.D. Ohio Mar. 2, 2020). The district court held that Vogel was precluded from relitigating the first court's determination that she "had no cause of action under ERISA" to challenge the validity of the release. *Id.* at *5. It then concluded that Vogel's discrimination and retaliation claims were waivable and covered by the release's "clear and unmistakable" language. *Id.* at *6–*7. Vogel appealed.

## II.

As the appellant, Vogel must confront the district court's reasons for dismissing her claims and explain why the court was wrong. *See Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 522

---

[1] ERISA permits a "participant" or "beneficiary" to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1).

(6th Cir. 2019). The failure to do so results in the abandonment of her claims. *Id.* Yet, Vogel does not dispute any of the reasons the district court gave for dismissing her claims. She does not challenge the district court's determination that issue preclusion barred her claim for a declaratory judgment under ERISA. Nor does she challenge the district court's conclusion that the General Release plainly covers her discrimination and retaliation claims. Nor does she contest that these claims were waivable by the General Release. This constitutes abandonment and should end the appeal. *Id.*

Not so fast, says Vogel. She asks us to consider a new theory: that general principles of contract formation rendered the General Release "unenforceable as an illusory obligation and for lack of consideration." Yet another well-established appellate litigation principle blocks this path. Appellants cannot raise an issue for the first time on appeal; only those presented to the district court are preserved for our review. *See Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006); *Legg v. Chopra*, 286 F.3d 286, 294 (6th Cir. 2002).

With respect to the validity of the General Release, Vogel's sole claim in the district court was that the release violated ERISA. In her view, ERISA requires that any conditions on severance benefits be spelled out with particularity in the Plan documents themselves. Thus, Vogel said, she did not need to sign a "termination agreement acceptable to the Company" to get her benefits. The district court did not reach the merits of these arguments, holding instead that issue preclusion prevented Vogel from "challeng[ing] the validity of the Release she signed under ERISA." *Castellon-Vogel*, 2020 WL 996444, at *5. The district court therefore dismissed her ERISA declaratory judgment claim. And, although Vogel disputed the preclusion issue below, she does not pursue it on appeal. Vogel has abandoned this claim. *See Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 610–11 (6th Cir. 2016).

Vogel attempts to sidestep the district court's ruling by reframing her ERISA claim as sounding in principles of contract formation. There was no *consideration* for the General Release, she now says, because she was already entitled to severance pay under the Plan; and the Plan's conditions on receipt of benefits were so open-ended as to be *illusory.* We are skeptical that ERISA permits such relabeling. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214–15 (2004). In the district court, Vogel herself stressed that it would be "incorrect[]" for the court to apply state-law principles of contract formation to decide "the validity of the General Release." And, she argued that "ERISA expressly preempts state law 'in its broadest sense' that relates in any way to an ERISA plan." In any event, Vogel never presented her new theories to the district court. Her briefing below never mentioned "consideration" or "illusory" promises.

Vogel counters that she "set forth the substance of these arguments in her Complaint." Even if that were true, it would not suffice. Facing dismissal of her claims, Vogel had a duty to bring her arguments to the district court's attention in her response to the motion to dismiss; it was not the district court's job to find them for her. *See Bose v. Bea*, 947 F.3d 983, 992–93 (6th Cir. 2020); *see also Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018) ("[A] party forfeits any allegations that lack developed argument.").

In response, Vogel insists that she "has consistently raised and pursued the issue whether IPC's General Release was invalid and unenforceable." As she sees it, her new arguments about consideration and illusory promises are just that—new *arguments* in support of her already preserved *claim.* There are a few problems with this rebuttal. First, although some of our caselaw says that only claims (rather than arguments) not presented to the district court are forfeited, *see Leonor v. Provident Life & Acc. Co.*, 790 F.3d 682, 687 (6th Cir. 2015), we also have a long line of caselaw saying that *arguments* not presented to the district court are forfeited, *see Armstrong*,

432 F.3d at 700; *Bose*, 947 F.3d at 992–93; *Legg*, 286 F.3d at 294. As this court recognized in *Armstrong*, "[i]t is well-settled that this court's 'function is to review the case presented to the district court, rather than a better case fashioned after a[n] . . . unfavorable order.'" 432 F.3d at 700 (second and third alterations in original) (quoting *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005)). But we need not resolve any tension here because, even accepting Vogel's assertion that new arguments in favor of preserved claims are not forfeited, she cannot prevail.

The only *claim* Vogel presented to the district court was that she was entitled to a declaration that the General Release was unenforceable *under ERISA*. *See Castellon-Vogel*, 2020 WL 99644, at *5 ("In challenging the Release, Plaintiff is pursuing a statutory right under ERISA."). The ERISA claim was dismissed on preclusion grounds and she did not appeal that determination. Her new theory, premised now on ordinary contract principles, must, therefore, be an entirely new claim. If not, it is a new argument in support of a precluded (and abandoned) claim. That obviously cannot help her succeed. Any distinction between preserving claims and preserving arguments does not matter here. Vogel has preserved neither.

\* \* \*

We AFFIRM.