NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0471n.06

No. 21-1181

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 18, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ARTHUR W. RUTLAND, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| R & R TRAILERS, INC., a Michigan Corporation, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) |
| | ) |

Before: BATCHELDER, LARSEN, and READLER, Circuit Judges.

LARSEN, Circuit Judge. Arthur Rutland was injured while using a trailer. He brought a product liability action under Michigan law against the manufacturer, R & R Trailers, Inc. The district court granted summary judgment in favor of R & R. We AFFIRM.

I.

Rutland purchased a trailer manufactured and sold by R & R. The trailer had a rear door that becomes a ramp when lowered to the ground. As the district court explained, "Lowering and raising the trailer door is assisted by a torsion rod double spring system welded to the interior frame of the trailer." The trailer contained a warning label that explained the extreme danger that could result from tampering with the spring system, that repairs or adjustments should be done only by experienced service personnel, and that a person should "[k]eep all body parts away from cables."

Rutland used the trailer for nearly ten years without issue. Then, on September 15, 2018, he took the trailer to a lumber yard. While inside the trailer, he noticed an electrical wire resting on the torsion spring on the right side of the trailer. He checked the corresponding wire on the left side of the trailer and saw that it was loose. But the wire on the right was tight—there was tension on it. Rutland grabbed the wire and tried to move it. He heard a "bang" and the next thing he knew he was on the floor and injured. The bracket holding the spring system had detached from the wall, causing the spring system to release. Rutland's hands were severely damaged, and his right shoulder and left knee were injured.

Invoking the court's diversity jurisdiction, Rutland sued R & R in federal court, bringing one claim of negligent product defect liability under Michigan law. Both parties moved for summary judgment. The district court granted summary judgment in R & R's favor, concluding that Rutland had misused the trailer when he moved the wire and touched the bracket and that such misuse was not reasonably foreseeable. As a result, Michigan law precluded liability. Rutland appeals.

## II.

We review the district court's summary judgment decision de novo. *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 275 (6th Cir. 2018). "[S]ummary judgment is warranted only if 'there is no genuine issue as to any material fact' and 'the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a) and *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

Product liability actions in Michigan are governed by statute. *See* Mich. Comp. Laws (MCL) §§ 600.2945–2949. "As part of major tort reform efforts in 1995," *Iliades v. Dieffenbacher N. Am. Inc.*, 915 N.W.2d 338, 343 (Mich. 2018), the Michigan Legislature provided that "[a]

manufacturer or seller is not liable in a product liability action for harm caused by misuse of a product unless the misuse was reasonably foreseeable," MCL § 600.2947(2). "'Misuse' means use of a product in a materially different manner than the product's intended use." *Id.* § 600.2945(e). It "includes uses inconsistent with the specifications and standards applicable to the product, uses contrary to a warning or instruction provided by the manufacturer, seller, or another person possessing knowledge or training regarding the use or maintenance of the product, and uses other than those for which the product would be considered suitable by a reasonably prudent person in the same or similar circumstances." *Id.* "Whether the misuse was reasonably foreseeable depends on whether [the manufacturer or seller] knew or should have known of the misuse." *Iliades*, 915 N.W.2d at 345. "Whether there was misuse of a product and whether misuse was reasonably foreseeable are legal issues to be resolved by the court." MCL § 600.2947(2).

On appeal, Rutland argues that the district court erred by concluding that he misused the trailer; he also argues that any misuse did not preclude liability. R & R, however, says that Rutland has forfeited any chance to make those arguments here because he did not raise them before the district court. We agree with R & R.

"It is well-settled that this court's 'function is to review the case presented to the district court, rather than a better case fashioned after an unfavorable order.'" *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) (alterations adopted) (quoting *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005)). "[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal." *Id.*

In its motion for summary judgment, R & R advanced two alternative arguments: (1) that Rutland's own conduct was an intervening superseding cause of his injuries; and (2) that Rutland's unforeseeable misuse of the trailer caused his injuries, meaning that Rutland's claim failed under

the Michigan product liability statute. Rutland responded to the first argument but not the second. In fact, he never mentioned the word "misuse" at all. In its reply, R & R noted Rutland's complete failure to address the "misuse" argument. Unsurprisingly, the district court sided with R & R. Given Rutland's complete failure to address R & R's misuse theory below, Rutland has forfeited the ability to challenge it now. *See Armstrong*, 432 F.3d at 700.

Rutland argues that he did address the "misuse" argument in the trial court, though he did not cite the Michigan statute or use the word "misuse." We disagree. Nowhere in the response did Rutland quarrel with R & R's contention that his conduct constituted "misuse" as defined in MCL § 600.2945(e). The response did not address whether his actions were contrary to the warning label. Nor did it contest R & R's assertion that it was not reasonably foreseeable that Rutland would ignore the warning label and tinker with the spring system. Having failed to contest these assertions below, he cannot do so now.

Rutland says that "[f]ar from waiving the misuse issue, [he] presented expert and lay testimony that negated elements of the misuse defense." Maybe so. But the district court was not required to "excavate" the record to find any such evidence. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992). Rutland had a duty to present it to the court in response to R & R's arguments. *See id.* at 406 ("Rule [56] requires the non-moving party to do its own work, and to assist the trial court by responding to the motion, pointing out as specifically as is reasonably possible facts that might demonstrate the existence of genuine issues."); *see also Wardle v. Lexington-Fayette Urb. Cnty. Gov't*, 45 F. App'x 505, 509 (6th Cir. 2002) (per curiam) ("[A] district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out.").

Rutland says that since his response focused on whether he proximately caused the bracket to dislodge from the trailer, he was directly attacking an element of a "misuse" defense—causation. Here, Rutland is partially right. The alleged misuse certainly must have "caused" the harm in order to bar liability. *See* MCL § 600.2947(2). And the principal focus of Rutland's response was that his conduct was not substantial enough to detach the weld from the wall; instead, the negligently welded bracket happened to break while Rutland was standing in the trailer.

But even if we assume that the bracket had been welded negligently (as the district court did when discussing the misuse argument), the evidence shows that Rutland's moving of the wire caused the bracket to dislodge from the wall. Temporal proximity aside, Rutland acknowledged that he would have had to grab and move the electrical wire, which was resting on the bracket, in order "for [the bracket] to come out." And he said that once he moved the wire, the bracket did, in fact, come out.

Rutland's experts do not contradict this point. Instead, his experts aver that the bracket had been negligently welded to the trailer and that the spring system failed because of the defective weld. Although Rutland's experts explained that "there was no evidence of excessive forces applied on the bracket that would have caused the weld failure" and that "anyone touching or examining the electrical wires running above the bracket" would not cause the weld to break, that was in the context of a properly welded bracket. His experts did not opine on whether Rutland's grabbing and moving of the wire would have caused a negligently welded bracket to break. As a result, even assuming that the welding had been negligently done, the evidence establishes that Rutland's actions caused the weld to break.

Finally, we note that Rutland responded to the "misuse" argument in his motion for reconsideration. But that cannot excuse the failure to address the arguments in his response to

R & R's summary judgment motion. Like arguments raised for the first time on appeal, arguments raised for the first time in a motion for reconsideration are also "untimely and forfeited on appeal." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012). What's more, the order denying Rutland's motion for reconsideration is not properly before us. Rutland filed his notice of appeal before the district court had ruled on his reconsideration motion.[1] And he did not amend it, or file a second notice of appeal, to account for the order denying reconsideration. *See Shepard v. Uniboring*, 72 F. App'x 333, 335 (6th Cir. 2003); Fed. R. App. P. 3(c)(1)(B); Fed. R. App. P. 4(a)(4)(B)(ii).

But even if we were to consider the arguments raised in that motion, we would reach the same result. Rutland's motion for reconsideration never acknowledged that the district court had assumed without deciding that the bracket had been negligently welded. Moreover, Rutland's main contention appears to have been that the district court erred by not sending the question of "misuse" to the jury. That argument is foreclosed by statute. The Michigan Legislature has made clear that "[w]hether there was misuse of a product and whether misuse was reasonably foreseeable are legal issues to be resolved by the court." MCL § 600.2947(2).

In sum, Rutland has forfeited any challenges to the district court's conclusion that he had misused the trailer in a manner that was not reasonably foreseeable.[2] And even assuming that the welding was negligent as Rutland argues, Rutland's misuse caused the weld to break. This unforeseeable misuse bars Rutland's product liability action against R & R, regardless of R & R's own negligence. *See Fjolla v. Nacco Materials Handling Grp.*, No. 281493, 2008 WL 5158892,

---

[1] We held the appeal in abeyance pending the district court's ruling on that motion.

[2] Rutland asks us to exercise our discretion and excuse any forfeiture. Such discretion, however, is reserved for exceptional circumstances. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552–53 (6th Cir. 2008). We rarely exercise such discretion, *see id.*, and decline to do so here.

*4 (Mich. Ct. App. Dec. 9, 2008) ("Unforeseeable misuse of a product bars a product liability action."); *see also Belleville v. Rockford Mfg. Grp.*, 172 F. Supp. 2d 913, 918 (E.D. Mich. 2001) (recognizing that "misuse of a product is an absolute defense for a manufacturer or seller of a product in a product liability action"); *Johnson v. Serv. Tool Co.*, No. 2:14-cv-12438, 2015 WL 7760480, *6 (E.D. Mich. Nov. 30, 2015) (same). Summary judgment in favor of R & R was appropriate.

* * *

We AFFIRM.