NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0171n.06

No. 23-5732

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 28, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| MUNSON HARDISTY, LLC, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| LEGACY POINTE APARTMENTS, LLC, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: BATCHELDER, BUSH, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Legacy Pointe Apartments hired Munson Hardisty to build an apartment complex in Tennessee. As with most construction contracts, however, plans often change, and this project was no exception. Indeed, as the project progressed, the parties made many changes to the project's plans and specifications, which ultimately forced Munson Hardisty to do extra work. But when the parties made these changes to the contract, they did so without following the contract's explicit requirements for change orders. When it later came time to pay Munson Hardisty for its extra work, Legacy Pointe refused to do so. Munson Hardisty then sued, and a jury awarded it almost $1.3 million in damages. For the reasons below, we affirm.

**I.**

In 2007, Legacy Pointe hired Munson Hardisty to build an apartment complex in Knoxville, Tennessee. The two parties agreed to a so-called "cost-plus" construction contract, under which the Department of Housing and Urban Development (HUD) would guarantee the loan given to Legacy Pointe, and Legacy Pointe would pay Munson Hardisty a little more than

$18 million to build the apartment complex. Because HUD agreed to guarantee the loan given to Legacy Pointe, the contract required that any changes to the project be submitted to HUD and the lender for their approval.

As the project progressed, Legacy Pointe began to change the plans and specifications outlined in the contract, and that, in turn, required Munson Hardisty to do extra work. But rather than submit these change orders to HUD and the lender for their approval, as the contract required, the parties instead agreed to make these changes to the project on the side. And so, perhaps unsurprisingly, when it eventually came time for Legacy Pointe to pay Munson Hardisty for the extra work that it had performed, Legacy Pointe refused to do so.

After Legacy Pointe refused to pay for the extra work, Munson Hardisty sued, alleging both that an implied contract for the work existed, and that Legacy Pointe had been unjustly enriched when it received the benefits of Munson Hardisty's work without paying. The case eventually proceeded to trial, which resulted in a jury's awarding Munson Hardisty $350,000 on its implied-contract claim and $930,000 on its unjust-enrichment claim. Legacy Pointe now appeals.

## II.

Legacy Pointe raises two main challenges to the jury's verdict: (1) that the jury could not award Munson Hardisty implied-contract and unjust-enrichment damages when an express contract between the parties existed; and (2) that the jury could not award damages to Munson Hardisty under both its implied-contract and unjust-enrichment theories because the award is duplicative. We disagree and address each issue in turn.

First, Legacy Pointe maintains that Munson Hardisty could not recover any implied-contract damages here because the express contract between the parties covered all claims for extra

work. But Legacy Pointe never raised this argument in the district court, and it even conceded during its opening argument at trial that any work performed by Munson Hardisty without approval from HUD was "not part of the construction contract." So Legacy Pointe cannot now claim—for the first time on appeal—that the express contract between the parties precluded Munson Hardisty from recovering implied-contract damages. *See, e.g.*, *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005) ("Our function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order.").

Besides, even if Legacy Pointe had raised and preserved this argument below, the outcome here would still be the same. That is because whether a contract covers a particular subject matter is a question of fact for the jury under Tennessee law, *see Bratton v. Bratton*, 136 S.W.3d 595, 601-02 (Tenn. 2004), and we cannot overturn a jury's factual finding unless "there [was] no material evidence to support the [jury's] verdict," *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 n.3 (Tenn. 1996). Here, the district court instructed the jury that it could not award damages under the implied-contract and unjust-enrichment theories unless it found that an express contract did not cover the extra work performed by Munson Hardisty, and we cannot say that the jury had no material evidence to support such a finding when both parties seemingly agreed not to follow the contract's requirements for change orders and extra work.

Second, Legacy Pointe's argument that Munson Hardisty received duplicative damages awards also fails because the district court instructed the jury at trial that it could award damages under both Munson Hardisty's implied-contract theory and unjust-enrichment theory, and Legacy Pointe never objected to those instructions. And when, as here, a party does not object to the district court's jury instructions, we review the accuracy of those instructions for plain error. *Craddock v. FedEx Corp. Servs., Inc.*, 102 F.4th 832, 842 (6th Cir. 2024). To prevail under the

plain-error standard, Legacy Point must establish four elements: (1) that there was an error; (2) that the error was plain; (3) that the error affected a substantial right; and (4) that the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Tragas*, 727 F.3d 610, 616 (6th Cir. 2013).

Here, we do not believe that the district court's jury instructions failed this test. For one thing, it is not clear that the district court's jury instructions even misstated Tennessee law, which does appear to distinguish between unjust-enrichment and implied-contract claims. *See Fam. Tr. Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 305-06 (Tenn. 2024). But in any event, even if the district court's jury instructions had misstated Tennessee law, that purported error would not be plain.

**III.**

Because Legacy Pointe failed to preserve its arguments and never objected to the district court's jury instructions, we **AFFIRM** the judgment of the district court.